UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| KAROLYN YOUNG, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| | ) | Cause No:   6:24-CV-03159-MDH |
| v. | ) ) | Division No: |
| CARVANA, LLC, BRIDGECREST, ACCEPTANCE CORPORATION, LOSS PREVENTION SERVICES LLC, And UNITED RECOVERY AND REMARKETING, LLC, | ) ) ) ) ) ) | |
| | ) | **Defendant demands trial by jury** |
| Defendants. | ) | |

## DEFENDANT UNITED RECOVERY AND REMARKETING, LLC'S MOTION TO COMPEL ARBITRATION AND STAY

COMES NOW Defendant United Recovery and Remarketing, LLC by and through undersigned counsel, pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 *et seq.*, and hereby moves this Court for an order compelling Plaintiff Karolyn Young's ("Plaintiff") claims against it to arbitration and staying said claims pending their resolution in arbitration. As grounds for this motion, Defendant respectfully states as follows:

1. On May 29, 2024, Plaintiff commenced this action by filing a Complaint against Carvana, Bridgecrest, LPS, and United Recovery and Remarketing, LLC ("United Recovery"). (*See* Doc. 1.)

2. Plaintiff asserts claims against United Recovery under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(6)(A) ("FDCPA") and against Carvana and Bridgecrest under Missouri's enactment of the Uniform Commercial Code, Mo. Rev. Stat. § 400.9-609 ("UCC"). (*See id.* ¶¶ 62–83.)

1

5. Plaintiff's claims against Defendants directly arise out of and relate to Plaintiff's contract, as the claims all pertain to collection efforts for amounts owed under the contract. The claims are therefore subject to the terms of corresponding Arbitration Agreement, which governs the contract. Accordingly, Plaintiff's claims against Defendants should be submitted to arbitration.

6. All parties want to proceed to Arbitration.

7. The Court has already granted Defendant Carvana's Motion to Compel Arbitration and to stay proceedings pending the outcome of Arbitration on September 11, 2024.

8. Plaintiff has filed a Notice of Non-Opposition to Arbitration.

9. This motion places all of the parties into arbitration and avoids having the same claim decided in completely different venues and arenas.

10. Judicial economy would also suggest that the arbitration is the proper medium for this matter.

**WHEREFORE**, for the foregoing reasons and the reasons set forth in the accompanying Suggestions, Defendant United Recovery and Remarketing, LLC respectfully requests that this Court enter an order compelling Plaintiff's claims against Defendant to arbitration and staying said claims pending their resolution in arbitration.

Respectfully submitted this 15th day of October, 2024.

/s/ John P. Rahoy
_____
John P. Rahoy #41896
BROWN & JAMES, P.C.
Attorneys for Defendant
United Recovery and Remarketing, LLC
800 Market Street, Suite 1100
St. Louis, Missouri 63101
(314) 421-3400
(314) 421-3128 (Fax)
jrahoy@bjpc.com

   The undersigned hereby certifies that the above and foregoing pleading was filed electronically with the above-captioned Court, with notice of case activity to be generated and sent electronically by the Clerk of said Court this 15th day of October, 2024 to:

tony@lacroixlawkc.com
Anthony LaCroix
LACROIX LAW FIRM, LLC
1600 Genesse, Suite 956
Kansas City, MO 64102
*Attorney for Plaintiff*

Rleader@burr.com
Ryli Wallace Leader
BURR & FORMAN, LLP
420 North Twentieth Street
Suite 3400
Birmingham, AL 35203
*Attorney for Defendants Carvana,*
*Bridgecrest Acceptance and*
*Loss Prevention Services LLC*

/s/ John P. Rahoy
_____

JPR/tmh
30962644.1